ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| VÍCTOR MANUEL CARATINI ESPADA, LYDIA RIVERA SANTIAGO y la Sociedad Legal de Gananciales compuesta por ellos<br><br>Recurridos<br><br>v.<br><br>HÉCTOR ROQUE VELÁZQUEZ<br><br>Peticionario<br><br><br>ALBERTO DE JESÚS RODRÍGUEZ, MARISOL HERNÁNDEZ y la SLG; IRVIN CALCORCI ORTIZ; LUIS ANTONIO SANTIAGO VITALI, CARMEN MARÍA TORRES COLÓN y la SLG; VÍCTOR JUNIOR RIVERA SANTIAGO, ERIKA VILMARIE ORTIZ PÉREZ y la SLG; DIEGO SANTIAGO GARCÍA, CAROL GRISELLE SANTIAGO TORRES y la SLG; WILSON NÚÑEZ SANTIAGO, TAIRA NEVÁREZ ORTIZ y la SLG; CARLOS ENRIQUE MIRANDA REYES, MAYRIM AMELIA VEGA PAGÁN y la SLG<br><br>Interventores | KLCE202301432 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Coamo<br><br>Caso Núm.: CO2020CV00145<br><br>Sobre: Incumplimiento de contrato, daños y perjuicios |

Panel integrado por su presidente, el juez Figueroa Cabán, la jueza Grana Martínez, el juez Rodríguez Flores y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**


**RESOLUCIÓN**


En San Juan, Puerto Rico, a 21 de mayo de 2024.

Comparece el señor Héctor Roque Velázquez, en adelante Sr. Roque o peticionario, mediante un recurso de *certiorari* y nos solicita que revoquemos la *Resolución* emitida y notificada el 6 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala de

Coamo, en adelante TPI. Mediante dicha *Resolución*, el TPI declaró no ha lugar la solicitud de sentencia sumaria presentada por el peticionario, por entender que existían hechos reales en controversia en torno a si el contrato de opción de compraventa se convirtió en una compraventa consumada.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

-I-

El señor Víctor Manuel Caratini Espada, en adelante el señor Caratini, la señora Lydia Rivera Santiago, en adelante la señora Rivera, y la sociedad legal de gananciales compuesta por ambos, en conjunto los recurridos, presentaron una *Demanda* sobre acción civil, incumplimiento de contrato, daños y perjuicios contra el señor Roque.[1] Los recurridos alegaron que suscribieron un contrato de opción a compra con el peticionario y que este último no ejerció la compra de las 3 fincas objeto del contrato, en el término pactado de 90 días. Por consiguiente, exigieron la suma adeudada más el pago de las penalidades, según acordaron. Adujeron que el señor Roque les requirió una escritura de compraventa de una de las fincas con el fin de poder vender solares y pagarles la cantidad adeudada. Sin embargo, el señor Caratini y la señora Rivera arguyeron que, a pesar de no haber aceptado la propuesta del peticionario, el señor Roque otorgó contratos de opción de compra de los solares a terceras personas. Así las cosas, los recurridos reclamaron una cuantía monetaria por los alegados daños

---

[1] Apéndice del peticionario, págs. 1-9.

ocasionados por el peticionario, el pago de la suma adeudada por cada finca, las costas, los intereses, los honorarios de abogado y el desalojo del señor Roque y de las terceras personas de las fincas.

Por su parte, el señor Roque presentó una *Contestación a Demanda, Defensas Afirmativas y Reconvención*, en la que aceptó algunas alegaciones, negó otras e incluyó las siguientes defensas afirmativas: (1) los peticionarios "en concierto y común acuerdo" modificaron los términos de la relación jurídica entre las partes y se beneficiaron de la variación del contrato; (2) las circunstancias en que se originó el contrato cambiaron súbitamente por la pandemia, de modo que quedó imposibilitado de realizar las diligencias necesarias para materializar lo pactado; no obstante, esto ha redundado en "beneficio indebido" para el señor Caratini y la señora Rivera; (3) la variación de las circunstancias al momento de la configuración de la relación contractual hace necesaria la revisión de los términos de la obligación contractual, particularmente, el alegado vencimiento del contrato de opción; y (4) debe aplicarse la doctrina de *rebus sic stantibus* al pleito de epígrafe.[2]

El peticionario, además, solicitó al TPI declarar no ha lugar la demanda interpuesta, ha lugar la reconvención y que ordenara a los recurridos: (1) otorgar las escrituras de los tres predios de terreno o en la alternativa, devolver al señor Roque la suma de $155,000.00 más los intereses; (2) restituir al peticionario las sumas de dinero invertidas en la

---

[2] *Id.*, págs. 10-23.

lotificación y las mejoras hechas a las fincas; (3) así como, pagarle los daños por concepto de sufrimiento y angustias o por cualquier otro daño; (4) reponer al señor Roque cualquier suma que le reclamen las terceras personas con quienes otorgó los contratos de opción de compra de los solares; y (5) compensar al peticionario la ganancia dejada de percibir y los gastos incurridos en su defensa.[3]

En desacuerdo, los recurridos presentaron una *Réplica a Reconvención*, en la que reaccionaron a las alegaciones del señor Roque y presentaron las siguientes defensas afirmativas: (1) la reconvención no contiene hechos constitutivos de una causa de acción que justifique la concesión de un remedio; (2) el peticionario no acudió ante el Tribunal con manos limpias, por lo que no es acreedor de remedio alguno; (3) el señor Roque procedió en contra de sus propios actos; y (4) la relación jurídica originalmente pactada en el contrato de opción de compra no ha variado.[4]

Posteriormente, los recurridos presentaron una *Demanda Enmendada*,[5] que el señor Roque contestó oportunamente[6].

Así las cosas, el peticionario presentó una *Moción en Solicitud de Dictamen de Sentencia Sumaria*. En la misma insistió en que la obligación originaria del contrato de opción de compra se transformó en un contrato de compraventa consumado, incompatible con la primera. Además, afirmó que los recurridos consintieron a que lotificara las fincas y efectuara las transacciones de

---

[3] *Id.*
[4] *Id.*, págs. 24-31.
[5] *Id.*, págs. 32-36.
[6] *Id.*, págs. 37-41.

compraventa con terceras personas, con la expectativa de cobrar las cantidades que el señor Roque les adeudaba.[7] Así pues, el peticionario reclamó el otorgamiento de una escritura pública de compraventa, conforme al contrato novado.

Por su parte, los recurridos presentaron una *Oposición a Moción en Solicitud de Sentencia Sumaria*.[8] En apretada síntesis, adujeron que el señor Roque puso en controversia todas las alegaciones de hechos esenciales. A su vez, sustentaron su oposición a la sentencia sumaria por entender que existen controversias de hechos con respecto a la alegada novación del contrato de opción de compra, que impiden la adjudicación sumaria del pleito.

Con el beneficio de la comparecencia de ambas partes, el TPI concluyó que no existe controversia sobre los siguientes hechos:

1. El 21 de enero de 2020 las partes otorgaron un *Contrato de opción a compra* mediante affidávit 1938 ante el notario José M. Colón Ortiz.

2. Los demandantes Víctor M. Caratini Espada y su esposa Lydia Rivera Santiago comparecieron en el contrato como prominentes [*sic.*] con relación al derecho de opción que por el contrato concedían al demandado Héctor Roque Velázquez, quien compareció como optante, sobre tres fincas propiedad de los demandantes, las cuales se describen a continuación:

   -------------------SOLAR UNO----------------

   RÚSTICA: Predio de terreno radicado en el Barrio Cuyón del término municipal de Coamo, Puerto Rico, con una cabida superficial de 20.4942 cuerdas, equivalentes a 80,550.3467 metros cuadrados. En lindes por el Norte con sucesión Cianchini y Río Cuyón; por el Sur con área de uso público que lo separa de la carretera PR-704; por el Este con solar 2 segregado; y por el Oeste con sucesión Cianchini.

---

[7] *Id.*, págs. 73-114.
[8] *Id.*, págs. 116-134.

Inscrita al folio 173 del tomo 295, finca 16028.

------------------SOLAR DOS------------------

RÚSTICA: Predio de terreno radicado en el Barrio Cuyón del término municipal de Coamo, Puerto Rico, con una cabida superficial de 16.0381 cuerdas, equivalentes a 63,036.1482 metros cuadrados. En lindes por el Norte con Río Cuyón; por el Sur con solar 3 segregado y área de uso público que lo separa de la carretera PR-704; por el Este en parte con Ramón Rolón y solar 3 segregado; y por el Oeste con solar 1 segregado.

Inscrita al folio 174 del tomo 295, finca 16029.

------------------SOLAR TRES----------------

RÚSTICA: Predio de terreno radicado en el Barrio Cuyón del término municipal de Coamo, Puerto Rico, con una cabida superficial de 1.9449 cuerdas, equivalentes a 7,644.1152 metros cuadrados. En lindes por el Norte con solar 2 segregado; por el Sur con área de uso público que lo separa de la carretera PR-704; por el Este con Ramón Rolón; y por el Oeste con solar 2 segregado.

Inscrita al folio 175 del tomo 295, finca 10354.

3. En el referido contrato, los demandantes se obligaron a vender al demandado las fincas antes descritas por el precio conjunto de $350,000. Al Solar Uno le correspondía el precio de $150,000, al Solar Dos le correspondía $75,000 y al Solar Tres le correspondía $125,000.

4. Entre los términos del contrato, el demandado Héctor Roque Velázquez aportaría $40,000 por el Solar Uno, $15,000 por el Solar Dos y $25,000 por el Solar Tres; restando un balance del precio de venta estipulado de $110,000 por el Solar Uno, $60,000 por el Solar Dos y $100,000 por el Solar Tres.

5. Las partes estipularon el término de 90 días, contados desde la firma del contrato, para el ejercicio de la opción, y prorrogable por 30 días adicionales por acuerdo de las partes; vencedero el 20 de abril de 2020.

6. Las partes también estipularon que, de no ser ejercitado el derecho de opción por la parte compradora dentro del término de los 90 días, la parte vendedera [*sic*.] devolvería al comprador la cantidad de $20,000 por el Solar Uno, $5,000 por el Solar Dos y $15,000 por el Solar Tres; para un total de $40,000.

7. Vencido el término de la opción, la parte demandante requirió al demandado Víctor Roque Velázquez que le pagara la suma de $195,500 adeudados.

8. El demandado requirió a los demandantes el otorgamiento de escritura a su favor sobre los inmuebles, y estos se negaron.

9. Los demandantes denegaron, por conducto de su representante legal, otorgar la escritura de compraventa y requirieron al demandado Héctor Roque Velázquez el pago total de la suma adeudada la cual se alega que, con las penalidades que se informan en el contrato de opción a compra ascendentes a $35,000, totalizarían $230,500.

10. El demandado Héctor Roque Velázquez entró en posesión de las fincas y realizó movimiento de terreno con maquinaria y equipo pesado, creó caminos y preparó solares con miras a su lotificación para vender solares a terceras personas.

11. Los demandantes alegan que el demandado incurrió en incumplimiento contractual, otorgado y suscrito por las partes el 21 de enero de 2020 intitulado *Contrato de Opción a Compra*, por lo que reclaman daños consistentes en la alegada pérdida de $5,000 que alegan haber entregado en concepto de opción de compra para la adquisición de una propiedad en la Urbanización Paraíso de Coamo; que por la alegada afectación de "las relaciones íntimas de marido y mujer de los demandante [*sic*.]", el demandante Víctor Manuel Caratini Espada "se vio precisado a solicitar asistencia médica al Dr. Félix Caratini, al no poder dormir, para que lo tratara so[b]re su estado de ansiedad y nerviosismo", "un alegado descontrol de la presión arterial de la codemandada Lydia Rivera Santiago, por alegadamente temer que su esposo pudiera atentar contra su vida", así como una alegada inversión "para restituir las tres fincas al estado que se encontraban" a la firma del *Contrato de Opción a Compra*.

12. El demandado Héctor Roque Velázquez aceptó haber otorgado el *Contrato de Opción a Compra* al que se refiere la demanda/demanda enmendada sobre las tres fincas allí descritas, así como el precio de venta estipulado de $350,000 con balance pendiente de pago de $195,000 luego de haber aportado al precio de venta la suma de $155,000.

13. El demandado Héctor Roque Velázquez niega las alegaciones de daños formuladas por los demandantes.[9]

---

[9] *Id.*, págs. 140-142.

En cambio, el foro recurrido determinó que los siguientes hechos reales están en controversia:

1. Si los términos contractuales originalmente contraídos por las partes fueron variados por estos hasta convertirse en una compraventa consumada.

2. Si los $75,000, adicional a los $80,000 entregados en opción de las fincas, provenían de los interventores y si los demandantes tenían conocimiento.

3. Si los demandantes estuvieron de acuerdo que el balance del precio de venta provendría de la subsiguiente venta a terceros de las porciones de las fincas por el demandado Héctor Roque Velázquez, y cuál es el balance real del precio de venta por las fincas.

4. Si los demandantes tenían conocimiento y autorizaron los trabajos realizados en la finca por parte del demandado.[10]

Inconforme, el señor Roque presentó una *Moción Solicitando Reconsideración,*[11] que el TPI declaró no ha lugar[12].

Aun insatisfecho, el peticionario acude ante nos y alega que el TPI cometió los siguientes errores:

ERRÓ EL TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA "MOCIÓN EN SOLICITUD DE DICTAMEN DE SENTENCIA SUMARIA" RADICADA POR EL DEMANDADO (RECURRENTE) NEGÁNDOSE A BRINDAR CABAL CONSIDERACIÓN A LA MISMA EN CLARA INFRACCIÓN A LO QUE DISPONEN LAS REGLAS QUE GOBIERNAN LA REFERIDA SOLICITUD DISPOSITIVA, Y NEGÁNDOSE A IMPARTIR MATERIALIDAD A LO QUE DICTAMINA, TANTO LA REGLA 36 COMO LA 1 DE LAS DE PROCEDIMIENTO CIVIL VIGENTES.

ERRÓ EL TRIBUNAL DE INSTANCIA AL EFECTUAR LA DETERMINACIÓN DE HECHOS NO CONTROVERTIDOS, OMITIENDO INJUSTIFICADAMENTE HECHOS EXENTOS DE CONTROVERSIA EN SU DETERMINACIÓN, ASÍ COMO EN CUANTO A MATERIAS QUE CONSIDERÓ EN CONTROVERSIA.

ERRÓ EL TRIBUNAL DE INSTANCIA EN LA EVALUACIÓN DE LA SOLICITUD DE DICTAMEN DE SENTENCIA SUMARIA, AL PERMITIR A LA PARTE DEMANDADA OPONERSE A LA MISMA CON MERAS NEGACIONES Y DESCANSANDO EN SUS ALEGACIONES.

---

[10] *Id.*, pág. 147.
[11] *Id.*, págs. 149-153.
[12] *Id.*, págs. 154-156.

Luego de revisar los escritos de las partes y los documentos que obran en el expediente, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[13]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[14] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene

---

[13] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[14] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[15] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[16]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[17]

**B.**

En nuestro ordenamiento jurídico el mecanismo de sentencia sumaria procura, ante todo, aligerar la

---

[15] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[16] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[17] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

tramitación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo.[18] Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente.[19]

En *Meléndez González et al. v. M. Cuebas,* el Tribunal Supremo de Puerto Rico estableció el estándar específico que debe utilizar el Tribunal de Apelaciones para revisar una sentencia sumaria, a saber:

> **Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo*, *supra*, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, … y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

> **Segundo**, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil … y discutidos en *SLG Zapata-Rivera v. JF Montalvo*….

---

[18] *Rivera Matos et al. v. Triple-S et al.,* 204 DPR 1010 (2020); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018).
[19] *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019); *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224-225 (2015).

**Tercero**, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

**Cuarto**, y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[20]

**-III-**

Para el peticionario, erró el TPI al declarar no ha lugar su petición de despacho sumario. Como surge del expediente, la moción de sentencia sumaria se basó en admisiones de declaraciones juradas y documentos admisibles en evidencia. En cambio, alega que el recurrido no se opuso a la moción de sentencia sumaria conforme a las exigencias de la Regla 36 de Procedimiento Civil. Sencillamente, se amparó en simples alegaciones. En su opinión, bajo ese supuesto, procedía desestimar la demanda, declarar con lugar la reconvención y poner en vigor los trámites sugeridos por el peticionario en la súplica de la moción de sentencia sumaria.

En cambio, los recurridos negaron las contenciones del peticionario, reiteraron su teoría de la existencia de un contrato de opción de compraventa incumplido, insistieron que el mismo no fue novado y reclamaron a este tribunal intermedio que denegara la expedición del auto discrecional solicitado, por existir hechos reales en controversia.

---

[20] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119, 122 (2015). (Énfasis en el original) (citas omitidas).

Por tratarse de una moción de carácter dispositivo, este tribunal intermedio puede atender el recurso de epígrafe.

Sin embargo, luego de revisar cuidadosamente los escritos de las partes y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40(A) del Reglamento del Tribunal de Apelaciones, *supra.* Esto es así porque existen hechos controvertidos que impiden resolver la controversia sumariamente.

A esto hay que añadir, que la etapa en que se presenta el recurso no es la más propicia para su consideración. Ello obedece a que, por haber controversia sobre hechos materiales, el caso no está maduro para adjudicación. Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra.*

Finalmente, no encontramos ninguna situación al amparo de los restantes criterios de la Regla 40 que justifique la expedición del auto.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Grana Martínez concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones